# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SOPERRY CHEA,<br><br>    Petitioner,<br><br>    v.<br><br>RICK HILL, Warden,<br><br>    Respondent. | No. CV 20-06301-JLS (DFM)<br><br>Order Summarily Dismissing Petition for Lack of Jurisdiction |

## I.  BACKGROUND

Soperry Chea ("Petitioner") was convicted of second degree murder in June 2009. See Dkt. 1 ("Petition") at 2. He appealed, the California Court of Appeal affirmed (see id. at 193), and the California Supreme Court denied his petition for review on December 1, 2010. See Cal. Ct. Appeal Case No. B219274; Cal. S. Ct. Case No. S187626.

In September 2011, Petitioner filed in this Court a Petition for Writ of Habeas Corpus by a Person in State Custody in this Court. See Soperry Chea v. G.D. Lewis, No. CV 11-07935-R (RZ) (C.D. Cal.), Dkt. 1 ("the Prior Case"). That petition was dismissed with prejudice on the merits. See id. Dkt. 19, 29-30.

Several years later, in August 2019, Petitioner filed a habeas corpus petition in Los Angeles County Superior Court, which was denied. See

Petition at 192-94. Petitioner filed subsequent habeas corpus petitions in the California Court of Appeal and California Supreme Court, which were also denied. See id. at 196, 207. On June 27, 2020, Petitioner constructively filed a habeas corpus petition in this Court challenging his 2009 conviction, arguing instructional error, lack of mental capacity, ineffective assistance of counsel, and unconstitutional failure to conduct a juvenile fitness hearing. See id. at 5-6.

## II. DISCUSSION

A federal court will not consider a second or successive habeas corpus petition unless the petitioner shows that (1) his claim relies on a new rule of constitutional law, made retroactive by the Supreme Court, that was previously unavailable or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence. See 28 U.S.C. § 2244(b)(2). A district court may not decide whether a second or successive petition meets these requirements; the petitioner must obtain the authorization from the appropriate court of appeals before filing the petition. See id. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 157 (2007). The authorization from the appropriate court of appeals is a jurisdictional requirement. See Burton, 549 U.S. at 157.

Having reviewed the Petition and the Prior Case, it is apparent that the Petition is second or successive. Petitioner would need to move in the Ninth Circuit for an order authorizing this Court to consider the Petition. Until then, the Court lacks jurisdiction over the case. See id.

///
///
///
///
///
///

## III. CONCLUSION

The Petition is DISMISSED for lack of jurisdiction. If Petitioner wishes to make a second or successive application in this Court, he must first file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**.

Date: September 7, 2020

_____
JOSEPHINE L. STATON
United States District Judge

Presented by:

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

3